ORIGINAL

# In the United States Court of Federal Claims

No. 14-1211C

(Filed: February 18, 2015)

**FILED**

**FEB 1 8 2015**

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************
                              *
STEVEN R. LISTWA,             *
                              *
               Plaintiff,     *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
               Defendant.     *
                              *
*******************************
```

## DISMISSAL ORDER

On December 17, 2014, Plaintiff Steven R. Listwa filed a *pro se* complaint against the United States alleging that the U.S. Army unlawfully withheld pay from him for his military service during February and March 1966. Compl. 1. Mr. Listwa states that he has attempted to collect this pay from the Army since 1966 without success, and he demands payment for two months of service, plus approximately 49 years of accrued interest and penalties. Id. at 2-3. On January 13, 2015, Mr. Listwa filed an amended complaint asking the Court to reprimand the Defense Finance and Accounting Service ("DFAS") and the National Personnel Records Center ("NPRC").

An action for withheld military pay in the Court of Federal Claims must be filed "within six years after such claim first accrues." 28 U.S.C. § 2501. A cause of action accrues when "all events have occurred that are necessary to enable the plaintiff to bring suit." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). The six-year statute of limitations is "'jurisdiction[al]' and not susceptible to equitable tolling." FloorPro, Inc. v. United States, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012) (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136–39 (2008)). In this case, in order to be timely, Mr. Listwa's lawsuit should have been filed not later than March 31, 1972. For the Court to consider the merits of a lawsuit filed on December 17, 2014, the cause of action must have accrued since December 17, 2008. Thus, Mr. Listwa's action based

upon events that occurred in February and March 1966 is barred by the six-year statute of limitations.

On February 9, 2015, Mr. Listwa filed a "Request for Dismissal" of this case for reasons unrelated to the issues discussed here, and that request will not affect the outcome of this case.

The Court has raised this jurisdictional issue *sua sponte* without requiring Defendant to file a dispositive motion. See Folden v. United States, 379 F.3d 1344, 1354 (Fed.Cir. 2004) ("[s]ubject-matter jurisdiction may be challenged at any time [including] by the court sua sponte"); see also Rule 1 of the Court (rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, Mr. Listwa's complaint is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

THOMAS C.  WHEELER
Judge